UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

                                                    **DECISION AND ORDER**
                                                       12-CR-63S (1)

MARLON JOHNSON, JR.,

                Defendant.

On August 2, 2012, Defendant Marlon Johnson, Jr., pleaded guilty to Count 1 of the indictment against him, which charged possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922 (g)(1). (Docket Nos. 13, 14.) On April 16, 2014, this Court sentenced Johnson to, *inter alia*, 48 months' imprisonment to be followed by 3 years' supervised release. (Docket Nos. 29, 30.)

After serving his sentence, Johnson commenced supervision on June 23, 2017. Approximately two years later, on July 30, 2019, this Court issued a warrant for Johnson's arrest after the Probation Office submitted a Petition for Offender Under Supervision ("Violation Petition"). (Docket No. 47.) The Violation Petition contains seven charges, each of which alleges that Johnson violated the mandatory condition of his supervised release that requires him to not commit another federal, state, or local crime. (Id.)

The charges in the Violation Petition stem from Johnson's arrest by Buffalo police officers on July 25, 2019, after they responded to a domestic-disturbance call. According to the Violation Petition, Johnson and his girlfriend became embroiled in a verbal dispute that escalated into a physical confrontation, with Johnson slapping his

1

girlfriend in the face multiple times and dragging her by her hair through a hallway. As a result of this assault, Johnson's girlfriend suffered a broken hand and possible ruptured eardrum.

When police officers later located Johnson at 37 Phyllis Avenue in Buffalo, his girlfriend advised them that there were firearms in the house that belonged to Johnson. A subsequent search of the house revealed three loaded firearms, a box of ammunition, and a magazine with two rounds of ammunition. Johnson was arrested and charged with criminal possession of a loaded firearm (N.Y. Penal L. 265.03-03); criminal possession of a defaced weapon (N.Y. Penal L. 265.302-03); assault with intent to cause physical injury (N.Y. Penal L. 120.00-01); and petit larceny (N.Y. Penal L. 155.25). The grand jury subsequently indicted Johnson on three counts of criminal possession of a loaded firearm (N.Y. Penal L. 265.03-03). Johnson has been in primary state custody since his arrest.

Presently before this Court is Johnson's motion to lift his federal detainer so that he can request bail in state court. Johnson maintains that the state court will not consider his bail application unless the federal detainer is lifted. Both the government and the Probation Office oppose Johnson's motion.

Johnson's federal custody is governed by Rule 32.1 of the Federal Rules of Criminal Procedure. That rule provides that a defendant may be released or detained under 18 U.S.C. § 3143 (a)(1) pending further proceedings. See Rule 32.1 (a)(6). With certain exceptions, § 3143 (a)(1) requires that a defendant be detained, unless the court finds by clear and convincing evidence that the defendant is not likely to flee or pose a

2

danger to the safety of any other person or the community if released.  By rule, "[t]he burden of establishing by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community rests with the [defendant]." Rule 32.1 (a)(6).

Here, Johnson has not overcome the presumption of detention with clear and convincing evidence that he is neither a flight risk nor a danger to another person or the community.  Nothing in Johnson's present motion addresses either of these two factors. Given the nature of the incident giving rise to the state charges Johnson faces, including his beating of his girlfriend and possession of multiple loaded firearms, this Court finds that Johnson is a danger to both another person and the community.  Detention must therefore be maintained.  The fact that the state court may not consider bail in light of the federal detainer is not reason for release under the statutory framework. Consequently, Johnson's motion for release from custody is denied.

IT HEREBY IS ORDERED, that Defendant's Motion to Lift the Federal Detainer (Docket No. 55) is DENIED.

SO ORDERED.

Dated:  July 2, 2020
        Buffalo, New York

                                s/William M. Skretny
                                WILLIAM M. SKRETNY
                                United States District Judge

3